UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICK FISHER,                                      )
                                                  )
          Plaintiff, individually and on behalf of )
          a nationwide class of similarly situated )
          individuals,                            )
                                                  )          Case No. 18 cv 2299
v.                                                )
                                                  )          Judge Sharon Johnson Coleman
ALARM.COM HOLDINGS, INC. and JOHN DOE )
ENTITIES, 1-10,                                   )
                                                  )
          Defendants.                             )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Nick Fisher, filed a five-count purported class action complaint on behalf of

himself and a nationwide class of similarly situated individuals, alleging violations of Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the Telemarketing and Consumer

Fraud and Abuse Prevention Act, 15 U.S.C. § 6101, *et seq.* ("TCFAPA"). Defendant, Alarm.com

Holdings, Inc. ("Alarm.com"), moves to dismiss [23] pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim. For the reasons stated herein, this Court grants the motion.

**Background**

The following facts are derived from the complaint and accepted as true for purposes of this

motion. (Dkt. 1). Alarm.com provides interactive security and home alarm monitoring services

through a network of service providers. Plaintiff, Nick Fisher, identifies sixteen occasions between

January 11, 2016, and May 4, 2016, on which he received telephone calls from Alarm.com, the Doe

entity defendants, or Nortek Security & Control.[1] (Dkt. 1 at ¶¶162, 167, 177, 206, 210, 212, 219, 220,

---

[1] Nortek Security & Control was dismissed voluntarily as a defendant. (Dkt. 18).

223, 228, 237, 242, 245, 246, 249, 256, 259). He claims to have received more than twenty calls during that time frame. Fisher alleges that many of these calls were pre-recorded messages or initiated with a predictive autodialer system. For the calls placed by a live person, Fisher requested he be placed on Do-Not-Call lists, but continued to receive calls. Fisher did not consent to receive the calls.

The complaint also alleges that Alarm.com has used unidentified or undisclosed third parties to place telemarketing calls on its behalf. In its Form 10-K Annual Report for the fiscal year ending December 31, 2016, Alarm.com stated:

> If our service providers were to take actions in violation of these regulations, such as telemarketing to individuals on the "Do Not Call" registry, we could be subject to fines, penalties, private actions or enforcement actions by government regulators. Although we have taken steps to insulate ourselves from any such wrongful conduct by our service provider partners, and to require our service provider partners to comply with these laws and regulations, no assurance can be given that we will not be exposed to liability as a result of our service provider partners' conduct.

(Dkt. 1 at ¶17). Further, based on Alarm.com's filings in a California class action, Fisher alleges that Alarm.com was aware of the telemarketing calls by its third-party service providers, it provided training material, and profited from the contracts formed by the third-party service providers. (Dkt. 1 at ¶19). The unidentified Doe entities Nos. 1-10 are the service providers who purportedly make marketing calls on Alarm.com's behalf.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662,

2

678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim must be plausible rather than merely conceivable or speculative, meaning that the plaintiff must include enough details about the subject-matter of the case to present a story that holds together. But the proper question to ask is still *could* these things have happened, not *did* they happen." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826–27 (7th Cir. 2014) (emphasis in original) (internal citations omitted).

**Discussion**

Alarm.com moves to dismiss the complaint entirely for failure to state a claim. The five-count complaint alleges: (Count I) an individual claim for violations of the TCPA for autodialed and/or predictive dialed calls without consent; (Count II) a class claim for violations of the TCPA for autodialed and/or predictive dialed calls without consent; (Count III) an individual claim for violations of the TCPA for pre-recorded messages without consent; (Count IV) a class claim for violations of the TCPA for pre-recorded messages without consent; and (Count V) a class claim for violations of the TCFAPA for fraudulent, harassing, illegal, and abusive telemarketing calls.

Fisher filed a motion for leave to supplement his response with additional authority [36]. Fisher requests that this Court consider the denial of summary judgment in *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-CV-06314-YGR, 2018 WL 3707283, at *1 (N.D. Cal. Aug. 3, 2018), wherein the district court found a genuine issue of material fact existed as to the relationship between Alarm.com and a third-party, Alliance. This case involves different parties, including the supposed third-party agents. Further, the Northern District of California has yet to decide the case on the merits. While this Court grants the motion, the additional authority is of little value to the motion presently before the Court.

With respect to the instant motion, Fisher concedes that Count III as drafted is duplicative of Count I and can be dismissed or stricken. Fisher also voluntarily dismisses Count V and his

claims premised on violations of 47 U.S.C. § 227(e) because there is no private right of action to enforce that provision. Accordingly, this Court dismisses Counts III, V, and claims relating to section 227(e) in paragraphs 79 through 85 of the complaint.

Next, the Court turns to Alarm.com's argument that there is no private right of action for violations of the technical requirements for prerecorded messages under section 227(d) of the TCPA. Section 227(d)(3)(A) states:

> all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual[.]

47 U.S.C. § 227(d)(3)(A). Fisher alleges that Alarm.com is vicariously liable for the third-party dealers, Doe entities, for their failure to comply with the requirements for prerecorded messages. Fisher asserts that the messages did not identify the business or entity initiating the call. Alarm.com argues that there is no private right of action for violations of this provision. The Court agrees.

No court to have considered the issue has found that a plaintiff may bring a claim for technical violations of this provision. *See, e.g., Ashland Hosp. Corp. v. SEIU*, 708 F.3d 737, 745 (6th Cir. 2013). The Sixth Circuit Court of Appeals is the only court of appeals to have addressed whether there is a private right of action under section 227(d). That court held that there is no such right. Fisher contends that in the face of the holding in *Ashland Hospital* and numerous district court decisions around the country, this Court should nevertheless make a provisional legal finding that such a claim may be brought. Dkt. 33, Pl's Resp. at 12. No court in the Seventh Circuit has squarely addressed the issue, though Fisher relies on *Sengenberger v. Credit Control Servs.*, No. 09C2796, 2010 WL 1791270 (N.D. Ill. May 5, 2010), *adhered to on reconsideration*, No. 09 C 2796, 2010 WL 6373008 (N.D. Ill. June 17, 2010) (Zagel, J.). In *Sengenberger*, the district court allowed the plaintiff to recover under that section for failing to include "Inc." in its prerecorded message. *Id.* at *5. Yet, Fisher concedes that the court in *Sengenberger* did not analyze whether the plaintiff could enforce that

provision as a private right of action. Accordingly, this Court declines to deviate from the weight of authority that post-dates the *Sengenberger* decision to find that Fisher may sustain this claim. Count IV is therefore dismissed on that basis.

Lastly, the Court will address Alarm.com's argument that Counts I and II of the complaint fail to state a claim under the TCPA for vicarious liability for the calls at issue. The TCPA prohibits any person from "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service… unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227 (b)(1)(A)(iii). Under the TCPA, a principal may be held vicariously liable for the acts of its agent. *See In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.R. 6574, 6584 (2013) (noting that defendants can be held vicariously liable for TCPA violations by its representatives "under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification"); *see also Dolemba v. Illinois Farmers Ins. Co.*, 213 F. Supp. 3d 988, 995 (N.D. Ill. 2016) (Durkin, J.); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 773 (N.D. Ill. 2014) (St. Eve, J.).

Here, Fisher alleges that Alarm.com should be vicariously liable for the Doe entities that placed the calls. Fisher alleges various facts from the *Abante Rooter* summary judgment documents in the complaint here. Defendants argue that such pleading is improper. This Court has not found any authority that disallows references to other litigation. *See generally Imperial Const. Mgmt. Corp. v. Laborers' Int'l Union of N. Am., Local 96*, 818 F. Supp. 1179, 1187 (N.D. Ill. 1993)(finding that the defendant has not stated an affirmative defense that the plaintiff included in the complaint references to allegations made in other litigation). Those allegations do not save the complaint here.

As noted above, that case has not been adjudicated on the merits, and nothing in that case supports an inference that Alarm.com is vicariously liable for the calls made here.

Fisher claims, on information and belief, that each of the Doe entities "is an agent of Alarm.com and/or Nortek." *See* Dkt. 1, Compl. at ¶¶ 163, 168, 193, 209, 211, 217, 224, 238, 243. Alarm.com argues that such generalized pleading is improper. One of the originally named defendants, Nortek, has been voluntarily dismissed, but the allegations as pleaded suggest that Nortek could be wholly responsible for the alleged conduct. Fisher cannot put Alarm.com on notice of the allegations against it if the very pleading suggests that other parties could be wholly responsible. *See Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011) (finding that the plaintiff could not state a claim under the TCPA where the Complaint did not identify which defendant made each call, but instead lumped them together despite their separate legal status).

In some of the allegations when Fisher asked for more information or a website to view he was directed to entities other than Alarm.com. *See, e.g.,* Dkt. 1 at ¶¶191, 199. During one call, the caller explained that Alarm.com is "one of the applications, which is used by most companies for the basic interactive services, so yeah, depending upon your installer…". *Id.* at ¶196. When asked for clarification, the caller affirmed that Alarm.com is the interactive part of the security system but 2GIG is the system itself." *Id.* at ¶¶197-98. There is only one instance, where a caller directed him to the Alarm.com website. *Id.* at ¶222. None of these allegations however support a reasonable inference that Alarm.com is the principal and the third-party caller is an agent controlled by Alarm.com.

In *Vessal v. Alarm.com*, this Court noted the allegations were "quite slim," but nevertheless found that the complaint sufficiently put Alarm.com on notice, where several of the callers identified Alarm.com as their web address, the plaintiff had identified the third-party dealers, and alleged their

contractual relationship to Alarm.com. *See Vessal v. Alarm.com*, No. 17 C 2188, Memorandum Opinion and Order (N.D. Ill. Oct. 18, 2017) (granting in part and denying in part the defendant's motion to dismiss). Unlike this Court's decision in *Vessal*, here the allegations are even more tenuous especially considering the allegations are made against all defendants by lumping them together. Accordingly, this Court dismisses Count I and II of the complaint for failure to state a claim against Alarm.com.

**Conclusion**

Based on the foregoing discussion, this Court grants plaintiff's motion to cite additional authority [36] and grants defendant Alarm.com's motion to dismiss [23]. Dismissal is without prejudice as to Counts I and II under the TCPA.

IT IS SO ORDERED.

Date: 11/1/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge